# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| GENE E. DUDLEY, SR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-cv-757-SRB |
| | ) |
| COSTCO WHOLESALE CORPORATION, ET AL | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration or, in the Alternative, Application for Notice of Appeal (Doc. #15). For the reasons stated below, the Motion is denied.

No specific rule in the Federal Rules of Civil Procedure references motions to reconsider. *OpenMethods, LLC v. Mediu, LLC*, No. 10-761-CV-W-FJG, 2012 WL 2736471, at *3 (W.D. Mo. July 9, 2012). Federal Rule of Civil Procedure 60(b) sets forth the circumstances in which the Court may "relieve a party . . . from a final judgment, order, or proceeding[.]" "Rule 60(b) motions should not be granted as a result of reargument of the merits . . . ." *OpenMethods, LLC*, 2012 WL 2736471, at *3 (internal citations omitted). Instead, "[u]nder Eighth Circuit law a party moving for reconsideration pursuant to any portion of Rule 60(b) must establish exceptional circumstances to obtain the extraordinary relief the rule provides." *Discount Tobacco Warehouse, Inc. v. Briggs Tobacco and Specialty Co., Inc.*, No. 3:09-CV-05078-DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010) (internal citations omitted).[1] These circumstances include: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence that could not have been discovered with reasonable diligence, fraud, the judgment

---

[1] A motion to reconsider is generally construed as a Rule 59(e) motion if it is a motion to alter or amend a judgment. *Discount Tobacco Warehouse, Inc.*, 2010 WL 3522476, at *1.

being void, and satisfaction, release, or discharge of the judgment. Fed. R. Civ. P. 60(b).[2] In this Circuit "relief for judicial error under Rule 60(b)(1)—the section dealing with mistake[—]is only available for judicial inadvertence." *OpenMethods, LLC*, 2012 WL 2736471, at *3 (citing *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 460–61 (8th Cir. 2000)). The Court construes Plaintiff's motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).

The Court finds Plaintiff's motion must be denied. Plaintiff presents no new argument in favor of being allowed to amend his complaint. Plaintiff argues this Court failed to properly follow *Johnson v. City of Shelby*, 574 U.S. 10 (2014), which Plaintiff claims stands for the proposition that the federal rules require "a short and plain statement of the claim," even if there is an "imperfect statement of the legal theory supporting the claim asserted." *Id*. at 11 (internal citations omitted). In *Johnson*, the Supreme Court found that the failure to cite to 42 U.S.C. § 1983 did not warrant dismissal. *Id*. As more fully discussed in this Court's prior Order, Plaintiff cited to § 504 of the Rehabilitation Act in his Complaint but did not allege any facts that would give rise to a cause of action against Defendants. The Court finds relief from judgment is not warranted. In the alternative Plaintiff asks that he be permitted "to exercise those rights to pursue an appeals (sic)[.]" The Court construes Plaintiff's request as a motion for extension of time to file a notice of appeal. Such an extension is unnecessary pursuant to Federal Rule of

---

[2] Fed. R. Civ. P 60(b), in full, reads: Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Appellate Procedure 4(a)(iv) given that the Court construed Plaintiff's Motion as one under Rule 60. The request is therefor denied as moot as Plaintiff has thirty days from the date of this Order to file a notice of appeal.

Accordingly, Plaintiff's Motion for Reconsideration or, in the Alternative, Application for Notice of Appeal (Doc. #15) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: January 3, 2020